## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) |
| JEREMIAH STURMER, | ) Docket no. 2:13-cr-29-GZS |
| | ) |
| | ) |
| Defendant. | ) |

## ORDER ON PENDING MOTIONS

Before the Court are two motions filed by Defendant Jeremiah Sturmer: (1) Motion for Bill of Particulars (ECF No. 101) and (2) Motion to Dismiss Count I of the Indictment (ECF No. 102). For reasons briefly explained herein, the Court DENIES both Motions.

Count I of the pending Indictment (ECF No. 22) charges the Defendant with conspiring with his co-defendants and others to distribute and possess with intent to distribute one or more kilograms of heroin and "aid[ing] and abet[ting] such conduct." The Indictment further alleges that this conspiracy took place in the District of Maine between January 2012 and February 12, 2013. The charge cites 21 U.S.C. §§ 846 & 841(a)(1) and 18 U.S.C. § 2 and invokes the penalty provisions of 21 U.S.C. § 841(b)(1)(A). To the extent that the Defendant's Motions argue that these allegations alone are vague and insufficient, the Court disagrees. Rather, the Indictment specifies the law allegedly violated, alleges a relatively specific 13-month time frame and names nine co-conspirators as well as the controlled substance involved. With these details, Count I of the Indictment clearly reflects a "plain, concise and definite written statement of the essential facts constituting the offense." Fed. R. Crim. P. 7(c)(1); see, e.g., United States v. Mbuga, D. Me. No. 10-CR-116, 2010 WL 4024801 (D. Me. Oct. 13, 2010) (denying motion to dismiss indictment).

To the extent that Defendant argues that the inclusion of "aiding and abetting" made Count I vague, the Government's Response clarifies that "the count charges defendant with aiding and

abetting the conspiracy charged." (Gov't Response (ECF No. 139) at 6.)  The First Circuit has recognized that federal law permits the crime of aiding and abetting a conspiracy.  See United States v. Marino, 277 F.3d 11, 30 (1st Cir. 2002) ("Federal law allows for the crime of aiding and abetting a conspiracy.") (citing United States v. Oreto, 37 F.3d 739, 751 (1st Cir. 1994).  In short, the Court finds no basis for dismissing Count I.

The Court also concludes that Defendant will not be "disabled from preparing a defense, caught by unfair surprise at trial, or hampered in seeking the shelter of the Double Jeopardy Clause" in the absence of a bill of particulars providing any or all of the six enumerated categories of information listed in his Motion for A Bill of Particulars.  United States v. Sepulveda, 15 F.3d 1161, 1192-93 (1st Cir. 1993).  The Court notes that the Government responds to the request for a bill of particulars by noting that it has produced "over 1,000 electronic pages of discovery, including the wiretap affidavits, the wiretap intercepts, and other investigatory reports." (Gov't Response (ECF No. 138) at 2.)  Given this discovery and the information included in the Indictment, the Court , in an exercise of its discretion, will not direct the Government to file a bill of particulars.  See, e.g., United States v. DeLaurentis, 629 F. Supp. 2d 68, 69-70 (D. Me. 2009) (denying motion for bill of particulars); United States v. Poulin, 588 F. Supp. 2d 64, 66-67 (D. Me. 2008) (same).

Accordingly, the Court hereby DENIES the Motion for Bill of Particulars (ECF No. 101) and the Motion to Dismiss Count I of the Indictment (ECF No. 102).

SO ORDERED.

    /s/ George Z. Singal  
    United States District Judge

Dated this 16th day of April, 2013.